And we'll hear United States v. Juan Pena. Good morning. Good morning, sir. Uh, if it please the court, Jeffrey Perry for Mr. Pena, your honor, judge, I hope you can hear me. I can hear you very well. Thank you, sir. Um, your honor, obviously, um, we're here to discuss whether or not New York state's attempted assault second statute, uh, fits into the, uh, career offender, uh, calculus, and also very obviously I'm here to say that it does not. Um, your honor, as a, a longtime state practitioner, I have been personally involved in many, many, many plea bargains in which an assault case was plea bargained down to an attempted assault. Second, specifically because it's a nonviolent felony. But you also need, uh, then that the two robbery charges be, uh, considered as one rather than two. I would hope so judge. Yes, please. Okay. You need both. I, we need both to get anywhere. Yes, your honor. Uh, uh, and your honor, I will conceive. I've got a long way to go here, but I think the arguments are important. Um, The fact that it's a nonviolent felony in New York law doesn't decide whether it's a violent felony for the enhancement purposes, that's a matter of federal law. Judge, that is a matter of federal law. Right. So the fact that New York doesn't classify it as some sections, some sections of, uh, the appropriate section, 120, 105 or whatever, um, as nonviolent for predicate felon or sentencing purposes, doesn't matter in the context of deciding whether there's an enhancement that comes into play under federal sentencing guidelines. Yes, sir. And I will also concede to you that on many previous occasions in many other criminal cases, I said to my own client, just what you said to me, that this is the way it is and politely live with it. Okay. And on the other hand, your honor, I think that it, I think what I'm trying to say to the court is, is it's important to consider how we got here. And Mr. Pena entered into a plea specifically thinking that this is a nonviolent felony, and then when we get to the federal level, we take that apart. Oops. You know, and, and I'm sure some of my, my colleagues on the prosecutorial side will say, well, Jeff, don't violate any federal crimes and you won't run into this problem. Okay. And they have a point. And on the other hand, judge. That may be a problem that you got back in state court with regard to the, whether there was a knowing and intelligent plea taken with regard to the consequences. And there's a case called England or English, but decided by the New York court of appeals a number of years ago in the context of immigration consequences with regard to pleas in New York court. But we're here in federal court. So whether it is a violent felony or not is, is, is in the context of federal sentencing and as a matter of federal law. Yeah, it's, it's odd that you bring up the immigration analysis or analogy. Right. Because as I was sitting here today, I was thinking about Padilla v. Kentucky. Oh, I'm sorry, judge. Your Honor, I tend to pace. I'm sorry about that. It's just like, I just get nervous. Your Honor, I'm sure the court will call him Padilla that a, a defense attorney is required to tell his client about the collateral possibilities of his conviction. And it's almost the same thing because the, the, the guy takes the plea in a state court, he's told not just by his attorney, but the prosecutor actually tells him, don't worry, it's nonviolent. But isn't the fundamental problem here that the court relied solely on the PSR and the PSR made no reference to any of the shepherd documents that can be taken into account to apply a modified categorical. And if you don't apply a modified categorical, then you have to apply the full categorical. And under the full categorical, the language of New York statute is identical to the language of a Connecticut statute, which we have held federally does not amount necessarily to a violent crime. So isn't that in the end, why your argument? I mean, what you're saying. Your Honor, that's, that's in a nutshell. And I hesitate to bring in Connecticut law because this, the, the, the argument became convoluted enough as it was, but yes, you're correct. Don't ever hesitate to bring in Connecticut law with me or New York law with, with you. Your Honor, I sometimes hesitate to walk up to this podium. I don't mind telling you. Your Honor, and as far as the, the also judge, I will, I would like to point out to the, to the court that my argument is somewhat duplicitous because while I am saying that the federal sentencing guidelines have a problem in them, as far as the attempted assault second is concerned, I'm relying on the federal sentencing guidelines extremely heavily by saying that the two robbery convictions occurred at the same time. And so please don't count them as two, count them as one. Now, the district court never decided that. They suggested at sentencing that he was taking that into account. Yes, sir. But he didn't hold that they were one or two. So if we were to buy your case, we would have to remand, buy your case on the assault. We would have to remand for the district court to decide the question of whether the two robberies were separate or one. That, that is quite correct, Judge. I think that's the way to go. And I frankly, Judge, on the robbery issue, I think that's the most I can ask of the court. I don't really think there's enough on the record for me to go any farther with it, to be honest with you, Judge. Is there any doubt that he pled guilty on the, on the assault second to either sub two or sub seven? Because I realized that in the PSR there's some confusion and, and, and then the PSR refers to the DCJS records. But is there any doubt that he pled guilty to at least either sub two, which is assaulting another person with a deadly weapon or dangerous instrument, or in the alternative, that he was in a correctional facility and that he was involved in, in an assault? Your Honor, in my opinion, I think there's every doubt. I'm not sure. I haven't the faintest idea. And the PSR doesn't say. PSR does not say, sir. And also my client, Judge, is, Your Honor, this is the realities of criminal defense practice. My client doesn't know. Yeah, I get, I get, I understand that. And this is why we always get into trouble relying on state records. And I'm a little bit discouraged that, that New York doesn't have a better record here. But for some reason, the district court latched down to 120.05 sub two, which is the assault with a weapon causing physical injury. It, it ups it to the assault second because of the introduction of the weapon or dangerous instrumentality. The injury only needs to be physical injury. But, okay, so you're, you're saying that the only way that we know that it was either sub two or sub seven is because of the PSR. We don't know any, we don't have any other Shepard charging documents. I literally approached my own client and said, what the heck happened? But we don't have any records from the local criminal court, wherever he, wherever the plea was ultimately entered. Okay. Now there may be, there may be some documents that show that. And so on remand, if we were to buy your case, it might be possible to show that the PSR actually relied on documents that would allow that to be, but on the record as we have it before us now, you say that isn't there. It's not there, Judge. And I am, I've had this case for a long time and I looked at it fairly extensively. If there's some record of it, I'm not aware of it, Judge. Well, we'll see what the other side. I'll bet you this guy might have some idea, Judge. Because, you know, if it was two or seven, I don't know what difference it makes because I think they're both violent felonies, but, but if it's not limited to just two or seven, then there is a chance that the problem with the Connecticut statute too. Okay. Thank you. Okay. Thank you, sir. Thank you. Good morning. Your honors may please the court. Michael Guderian on behalf of the appellee, the United States to try to direct my comments to some of the questions that the court was asking. I think this comes down to a plain error question under the circumstances. I'm not sure that Reyes necessarily suggests there's plain error here because the district court didn't rely on the factual description of the conduct in selecting which of the alternatives of the assault second statute that it believed it should apply to. We have case law that says that the PSR is not sufficient unless the PSR, and then it's an open question. It's an open question in our circuit, whether, when the PSR refers to Shepard factors, it is okay, but to rely on the PSR by itself is under our cases, clear error, plain error. So I think again, your honor comes down to, and maybe that is foreclosed, in which case the government would request if this court's going to remand that it'd be given an opportunity to supplement the record with the Shepard documents to show that it was two or seven. The way that I read the Reyes case, I think all you need to frankly, I'm not speaking for the others, but if you show it's two or you could show it's two or seven doesn't matter because both are violent felonies. So what he ultimately pleads to, as long as he pleads to one of those, that's all that matters. You've got to, obviously you've got to tie it down to what he did plead to. You've got to come up with a Shepard category document to establish his conviction. Understood, your honor. If I may be permitted to make a brief comment external to the record based on the court's questions, I don't know, I had a, I can't say that there were Shepard documents that were the basis for the determination here. It does, the PSR does say, according to criminal justice service records, it does not say what those records are. It doesn't say what those are. That's correct, your honor. That's our problem. Right. DCJS, it's the rap sheet. I mean, DCJS compiles this from all across the state. I suspect that, your honor, is right. Every, every state law criminal practitioner is intimately familiar with the DCJS document. That's the thing they look at all the time when, because they're talking about somebody's background. But in state court, that document's good enough to kind of talk about what's an appropriate sanction for the individual. In federal court, the DCJS, that rap sheet doesn't work. Understood, your honor. And I agree, that's probably. You run into this often. I mean, you're so tied to the sentencing guidelines are constantly tying themselves to state court activity. And yet, you're, there's a, even in New York, you've got a record problem here. I don't know where this fellow's from. I don't remember, but, is this, is this a problem that you're regularly dealing with? I don't know that I would say it's a regularly dealing with problem, because this wasn't my case, originally. And I don't know what steps were taken or not taken to try to get Shepard documents at that time. Obviously, if the court remands, I will make efforts to get the Shepard document. What you've said to us, in effect, almost, it really isn't that big a deal. If they are there, and we remand, as you suggest, then this will fit. And if they're not there, then they're not there. Absolutely, your honor. I mean, if the court believes this is plain error and that the prejudice prong is established, although here the failure to object is in response to language in the PSR, not just about the facts, but also about what the, the rap sheet, I guess, or the records that are reflected, they reflect where the two charges, both of which would qualify as crimes of violence, yes, the government would attempt. Do you also agree that the question of whether this was one or two robberies is something that we, we can't really decide now on the basis of what the district court said? I, I agree with that, your honor. I think there, though, I would note that it's not necessarily the case that Shepard documents would be required to resolve that. Oh, no. But some further discussion by the district court or fact-finding to explain how it came to whatever conclusion it is that it came to. It's not clear that it came to that conclusion, because when he was doing the sentencing, it just said that affects me. But it isn't clear that the district court found that these were one rather than two. I agree with you. I think the record is not clear that the district court made that determination because the district court thought that 120-052 was, you know, the assault second was a crime of violence. At least one of the robberies is a crime of violence. And so, therefore, I'm going to stop. Yeah. So, I mean, it's, this would have been much easier if you just had, not you, but if the, if the court had just had a certificate of conviction out of the Bronx County Court, right? Yes, your honor. I mean, I, I expect, you know, we will obviously, if the court decides to remand, we will try to get that. We may be back up here on some of the appellant's other arguments, and that's how the process works, I understand. Okay. If the court doesn't have any further questions, I'll rest on the briefs. Thank you, your honors. Thank you both. Very helpful, both sides, in not overstating your case and, and making it.